1

2

3

4    **UNITED STATES DISTRICT COURT**

5    **NORTHERN DISTRICT OF CALIFORNIA**

6    **SAN JOSE DIVISION**

7

8    FIONA, et al.,                              Case No.  5:24-cv-05277-BLF

9                    Plaintiffs,

10                                               **ORDER REOPENING BRIEFING ON**
         v.                                      **MOTION TO STRIKE AFFIRMATIVE**
11                                               **DEFENSES**
     BRIAN RISSO,
12                                               [Re:  Dkt. No. 34]
                 Defendant.

13

14          Before the Court is Defendant's "Ex Parte Application to Reopen Briefing on Motion to

15   Strike." Dkt. No. 34 ("Mot."). The Court previously construed Defendant's request as an

16   administrative motion and gave Plaintiffs the opportunity to respond. Dkt. No. 35. Plaintiffs filed

17   a response on July 10, 2025. Dkt. No. 36 ("Resp."). For the following reasons, the Court

18   GRANTS Defendant's request.

19   **I.    LEGAL STANDARD**

20          Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done

21   within a specified time, the court may, for good cause, extend the time . . . on motion made after

22   the time has expired if the party failed to act because of excusable neglect." "'Good cause' is a

23   non-rigorous standard that has been construed broadly across procedural and statutory contexts."

24   *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "The good cause

25   standard focuses on the diligence of the party seeking to extend deadlines and the reasons for

26   seeking the modification." *Fireman's Fund Ins. Co. v. Electrolux Home Prod., Inc.*, No. 23-cv-

27   01847, 2024 WL 947792, at *1 (S.D. Cal. Feb. 6, 2024) (citing *Johnson v. Mammoth Recreations,*

28   *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

United States District Court
Northern District of California

## II.    DISCUSSION

Plaintiffs filed the Motion to Strike Affirmative Defenses on May 21, 2025.  Dkt. No. 30.  Under the local rules, Defendant's deadline to oppose the motion to strike was June 4, 2025.  Civ. L.R. 7-3(a).  Defendant did not file an opposition brief.  On July 2, 2025, the Court issued an Order Submitting Motion Without Oral Argument; and Vacating Hearing.  Dkt. No. 33.  The next day, Defendant filed the present motion.  Dkt. No. 34.

Defendant explains that his "request is made on the basis that the Motion to Strike should not have been brought and is without merit, and counsel erroneously failed to calendar the response date, in part because she assumed that the Motion to Strike would be moot and taken off calendar."  *Id.* at 1.  In support of the request, defense counsel submits a declaration stating that (1) defense counsel objected to the motion to strike as untimely by emailing said objection to the clerk, and (2) defense counsel believed Plaintiffs' counsel would shortly file a Second Amended Complaint that would render the motion to strike moot and thus erroneously failed to calendar the opposition deadline.  *Id.* at 2; *see id.* Exs. 1, 2.  In response, Plaintiffs argue that Defendant "failed to follow the necessary and proper procedures for formally asserting [his] objections," Resp. at 2, and, further, that Defendant's expectation that the motion to strike would be rendered moot is "nonsensical" in light of the fact that Defendant "continually objected to the Stipulation to File an Amended Complaint," *id.* at 3.  Still, Plaintiffs ultimately state that they "do not object to allowing Defendant an opportunity to respond to the instant motion."  *Id.* at 4.

For purposes of the request to reopen briefing, the Court sets aside Defendant's argument that "the Motion to Strike should not have been brought and is without merit," Mot. at 1, since the Court agrees with Plaintiffs that such a point is an effort to argue the merits of the motion to strike rather than to set out a basis for reopening briefing, *see* Resp. at 2.  The Court understands Defendant's primary argument in favor of reopening briefing to be that defense counsel's "excusable neglect" permits the Court to find good cause for extending Defendant's time to respond to the motion to strike.  *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").  In assessing

United States District Court
Northern District of California

1    whether Defendant's failure to oppose the motion to strike by the deadline was the result of

2    "excusable neglect," this Court "must apply a four-factor equitable test, examining: (1) the danger

3    of prejudice to the opposing party; (2) the length of the delay and its potential impact on the

4    proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

5    *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

6    U.S. 380, 395 (1993)).

7            First, in light of the fact that Plaintiffs ultimately do not object to giving Defendant an

8    opportunity to respond to the motion to strike, the Court concludes that there is little danger of

9    prejudice to Plaintiffs in providing Defendant with a short extension.  Second, the delay incurred

10   by reopening briefing will be minimal in its impact on the proceedings.  The Court will permit

11   Defendant only an abbreviated time to oppose the motion to strike, and the last day for hearing

12   dispositive motions is still over six months away.  The Court anticipates that the Parties will

13   receive the order resolving the motion to strike well in advance of the time by which they need to

14   submit their dispositive motions.  Third, the reason for the delayed opposition is similar in kind to

15   mistakes by counsel in other cases of "excusable neglect."  *See, e.g.*, *Bateman v. U.S. Postal Serv.*,

16   231 F.3d 1220, 1223, 1225 (9th Cir. 2000) (finding excusable neglect even though the reason for

17   the delay—out-of-country travel, after which it took the attorney two weeks to recover from jet lag

18   and process his mail—was "admittedly, weak"); *see also Ahanchian*, 624 F.3d at 1262.  Here,

19   defense counsel apparently made a calendaring error due to her expectation that the Parties would

20   ultimately agree on a stipulation permitting Plaintiffs to amend their complaint.  This excuse is

21   certainly weak, but the Court does not find it so egregious as to disallow Defendant the

22   opportunity to oppose a significant motion.  Relatedly, under the final factor of the excusable

23   neglect inquiry, the Court sees no indication that defense counsel acted in bad faith.  Instead, all

24   signs suggest that defense counsel did not realize the deadline had been missed until the Court

25   issued its order vacating the hearing date on the motion to strike, after which defense counsel

26   acted swiftly to rectify the mistake by filing the present motion within 24 hours.

27           In sum, the Court concludes that Defendant's failure to oppose the motion to strike is the

28   result of excusable neglect.  Since justice and the adversary system are better served when both

                                                        3

sides to a dispute have the opportunity to be heard, the Court will reopen briefing on the motion to strike for a short time.

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's request to reopen briefing on the Motion to Strike Affirmative Defenses is GRANTED. Defendant may file an opposition brief on or before July 18, 2025, and Plaintiffs may file a reply brief on or before July 25, 2025.

**IT IS SO ORDERED.**

Dated:  July 11, 2025

_____
BETH LABSON FREEMAN
United States District Judge